# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 28, 2017

```
* * * * * * * * * * * * *
DONNA RAMSAY,                  *     No. 11-549
                               *
         Petitioner,           *     Special Master Sanders
                               *
v.                             *     Decision on Proffer; Damages; Human
                               *     Papillomavirus Vaccine ("HPV" or
SECRETARY OF HEALTH            *     "Gardasil"); Systemic Juvenile Idiopathic
AND HUMAN SERVICES,            *     Arthritis ("sJIA"); Juvenile Rheumatoid
                               *     Arthritis ("JRA").
         Respondent.           *
* * * * * * * * * * * * *
```

Patricia L. O'Dell, Beasley, Allen, et al., P.C., Montgomery, AL, for Petitioner.
Darryl R. Wishard, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On August 30, 2011, Tina Ramsay filed a petition on behalf of her minor daughter, Donna Ramsay ("Petitioner")[2], pursuant to the National Vaccine Injury Compensation Program.[3] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleges that as a result of receiving human papillomavirus ("HPV" or "Gardasil") vaccines on March 19, 2008 and June 30, 2008, she suffered

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] Donna Ramsay, who has reached the age of majority since the petition was filed, has since been substituted as Petitioner. See Order, filed December 16, 2015, at 1.

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

from systemic Juvenile Idiopathic Arthritis ("sJIA")[4]. Petition ("Pet") at 1.

On December 18, 2015, Special Master Hamilton-Fieldman issued a Ruling on Entitlement. ECF No. 67. She held that Petitioner's theory and medical records satisfied the three-prong test in *Althen v. Secretary of Health and Human Services*, 418 F.2d 1274, 1278 (Fed. Cir. 2005). Special Master Hamilton-Fieldman found that Petitioner had proven, by a preponderance of the evidence, that her sJIA was caused by her HPV vaccinations. *Id.* at 2.

On January 10, 2017, the case was reassigned to the undersigned. ECF No. 80. Petitioner filed a status report on February 13, 2017, informing the Court that the parties were finalizing the elements of an agreed upon Life Care plan. ECF No. 82.

On February 27, 2017, Respondent filed a Proffer on Award of Compensation ("Proffer"). Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer.

> Pursuant to the terms stated in the Proffer, attached as Appendix A, the undersigned awards Petitioner:
>
> A. **A lump sum payment of $1,274,658.50 in the form of a check payable to Petitioner, Donna Ramsay; and**
>
> B. **An amount sufficient to purchase the annuity described in section II. B. of the Proffer, Appendix A, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** herewith.[5]

**IT IS SO ORDERED.**

> s/Herbrina D. Sanders
> Herbrina D. Sanders
> Special Master

---

[4] Throughout the record, Petitioner's sJIA has alternatively been referred to as juvenile rheumatoid arthritis ("JRA") and Still's disease. These three terms refer to the same injury. *See, e.g.*, Transcript at 39-40.

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

DONNA RAMSAY,

      Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

      Respondent.

No. 11-549V
Special Master Sanders
ECF

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.**  **Items of Compensation**

    A.    Life Care Items

Respondent engaged life care planner Shelly Kinney, MSN, RN, CCM, CNLP, and petitioner engaged Maria Vargas, MS, CRC, CLCP, to provide an estimation of Donna Ramsay's future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in the special master's Ruling on Entitlement, filed December 18, 2015. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Donna Ramsay, attached hereto as Tab A.[1] Respondent proffers that Donna Ramsay should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

B.     Lost Earnings

The parties agree that based upon the evidence of record, Donna Ramsay has suffered past loss of earnings and will suffer a loss of earnings in the future. Therefore, respondent proffers that Donna Ramsay should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(B). Respondent proffers that the appropriate award for Donna Ramsay's lost earnings is $983,618.55. Petitioner agrees.

C.     Pain and Suffering

Respondent proffers that Donna Ramsay should be awarded $250,000.00 in actual pain and suffering. See 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

D.     Past Unreimbursable Expenses

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $3,246.94. Petitioner agrees.

E.     Medicaid Lien

Petitioner represents that there are no Medicaid liens outstanding against her.

**II.     Form of the Award**

The parties recommend that the compensation provided to Donna Ramsay should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

A. A lump sum payment of $1,274,658.50, representing compensation for life care expenses expected to be incurred during the first year after judgment ($37,793.01), lost earnings

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

($983,618.55), pain and suffering ($250,000.00), and past unreimbursable expenses ($3,246.94), in the form of a check payable to petitioner, Donna Ramsay.

B.  An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Donna Ramsay, only so long as Donna Ramsay is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life

---

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

    2.    <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Donna Ramsay, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Donna Ramsay's death.

    3.    <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III.**    **<u>Summary of Recommended Payments Following Judgment</u>**

    A.    Lump Sum paid to petitioner, Donna Ramsay:    **$1,274,658.50**

    B.    An amount sufficient to purchase the annuity contract described above in section II.B.

---

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

*/s/Darryl R. Wishard*
DARRYL R. WISHARD
Senior Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 616-4357

Dated:  February 27, 2017

**Appendix A:  Items of Compensation for Donna Ramsay**  Page 1 of 1

| ITEMS OF COMPENSATION | G.R | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-Life |
|---|---|---|---|---|---|
| | | | | 2017 | 2018-Life |
| BCBS Blue Saver Bronze Premium | 5% | | M | 3,207.60 | 3,207.60 |
| BCBS Blue Saver Bronze MOP | 5% | | | 7,150.00 | 7,150.00 |
| Rheumatologist | 5% | * | | | |
| PCP | 5% | * | | | |
| Labwork | 5% | * | | | |
| PT Eval & PT | 4% | * | | | |
| Attendant Care | 4% | | M | 25,550.00 | 25,550.00 |
| Hand Splints | 4% | * | | | |
| Braces for Shoes | 4% | * | | | |
| Inserts for Shoes | 4% | * | | | |
| TENS | 4% | | | 50.00 | 10.00 |
| Electrodes for TENS | 4% | | | 72.00 | 72.00 |
| Humira | 5% | * | | | |
| Tramadol | 5% | * | | | |
| Nexium | 5% | * | | | |
| Voltaren Gel | 5% | * | | | |
| Mileage:  Rheumatologist | 4% | | | 9.12 | 9.12 |
| Mileage:  PCP | 4% | | | 19.00 | 19.00 |
| Mileage to UAB | 4% | | | 235.29 | 235.29 |
| Ancillary Services | 4% | | | 1,500.00 | 1,500.00 |
| Lost Future Earnings | | | | 983,618.55 | |
| Pain and Suffering | | | | 250,000.00 | |
| Past Unreimbursable Expenses | | | | 3,246.94 | |
| Annual Totals | | | | 1,274,658.50 | 37,753.01 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($37,793.01), lost earnings ($983,618.55), pain and suffering ($250,000.00), and past unreimbursable expenses ($3,246.94): $1,274,658.50.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.