# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 11-549V
Filed: November 22, 2017

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DONNA RAMSAY,

                Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

                Respondent.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Special Master Sanders

Attorneys' Fees and Costs; Reduced Travel
Rate; Reduced Expert Rate.

Patricia Leigh O'Dell, Beasley, Allen, et al., Montgomery, AL, for Petitioner.
Darryl R. Wishard, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

       On August 30, 2011, Donna Ramsay ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2012).  Petitioner alleged that as a result of a series of human papillomavirus ("HPV") vaccines administered on March 19, 2008 and June 30, 2008, she suffered from a systemic variant of Juvenile Rheumatoid Arthritis ("sJIA").  Petition at Preamble, ECF No. 1.  On December 18,

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 et seq. (2012) (hereinafter "Vaccine Act" or "the Act").  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

2015, Special Master Hamilton-Fieldman issued a Ruling on Entitlement, finding that the above-stated vaccinations caused-in-fact Petitioner's sJIA.  Ruling on Entitlement, ECF No. 67.  That same day, a Damages Order was issued.  Order, ECF No. 68.  On February 28, 2017, the undersigned issued a Decision pursuant to Respondent's Proffer.  Decision, ECF No. 84.

On August 30, 2017, Petitioner filed an application for attorneys' fees and costs.  Petitioner requested attorneys' fees in the amount of $48,235.00 and attorneys' costs in the amount of $87,847.86.  *See* Pet'r's Mot. Att'ys' Fees and Costs at 2, ECF No. 89.  In his response, Respondent indicated that "[t]o the extent the Special Master is treating [P]etitioner's request for attorneys' fees and costs as a motion that requires a response from [R]espondent . . . Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Resp't's Resp. at 2 (Aug. 31, 2017), ECF No. 90.  Respondent recommended that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.  Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.  Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008).  This is a two-step process.  *Id.*  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community.  *See Blum*, 465 U.S. at 895.  The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Id.* at 895, n.11.  The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable.  *Id.*

### a.  Hourly Rates

Special Master Gowen determined the reasonable forum rate ranges for attorneys with varying years of experience.  *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  Pursuant to *McCulloch*, a forum attorney with more than 20 years of experience may be awarded $350 to $425 per hour.  *Id.*  An attorney with less than four years of experience, on the other hand, has a reasonable hourly rate between $150 and $225.  *Id.*

In the instant case, Petitioner requests $275.00 per hour for work performed by her attorney, Ms. O'Dell, from 2011-2017.  Ms. O'Dell has been practicing law since 1994.  *See Leigh O'Dell*, Beasley Allen Law Firm, http://www.beasleyallen.com/attorney/leigh-odell/ (last visited November 22, 2017).  Due to a break in practice between 1998 and 2005, Ms. O'Dell had approximately ten years of legal experience at the time this case was filed.  *Id.*  Ms. O'Dell also had little experience in the Vaccine Program at that time.  The undersigned finds the requested rate reasonable as it does not exceed the ranges in the fee schedules[3] for attorneys with her level of experience.  Therefore, the undersigned awards Petitioner the requested rate for Ms. O'Dell.

Petitioner requested Ms. O'Dell's full hourly rate of $275.00 for travel time in 2013. ECF No. 89-2 at 3.  On July 24, 2013, the billing entry states, "Travel to Fargo, ND to meet with Dr. Gershwin."  *Id.*  On August 3, 2013 and August 7, 2013, the billing entries state respectively, "Travel to DCI" and "Return travel."  *Id.*  Following *Gruber*, the undersigned will grant half the attorney's rate for traveling, where the attorney does not provide documentation that she performed work while traveling.  91 Fed. Cl. 773, 791 (2010); *see also Amani v. Sec'y of Health & Human Servs.*, No. 14-150V, 2017 WL 772536, at *5 (Fed. Cl. Spec. Mstr. Jan. 31, 2017). Therefore, for travel time in 2013, Ms. O'Dell's hourly rate is reduced to $137.50.  The total fee reduction for 16.5 hours of travel time is $2,268.75.

### b.  Hours Expended

Petitioner requests compensation for 175.4 hours entered by Ms. O'Dell.  ECF No. 89-2. Petitioner submitted adequate billing logs listing the date, amount of time, individual, and the nature of each task.  Based on the lack of objection from Respondent and my review of Petitioner's motion, I find that the hours expended are reasonable and should be awarded in full.

---

[3] The 2015-2016 Fee Schedule can be accessed at: http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2015-2016.pdf.  The 2017 Fee Schedule can be accessed at:  http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.  The hourly rates contained within both schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

### c.  Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).  Petitioner requests $87,847.86 in attorneys' costs.  These costs are associated with telephone conferencing, online research, printing, postage and shipping, filing fees, medical record fees, travel expenses, and expert expenses.  *See generally* ECF No. 89-3.

Petitioner requests $200 per hour for expert services provided by Vargas Vocational Consulting, d/b/a Automated Environments, Inc. in 2016.  *See* Pet'r Ex. C at 113, ECF No. 89-3; *see also* Resp't Proffer at 1, ECF No. 83 (stating that Maria Vargas, MS, CRC, CLP was engaged by the Petitioner to provide an estimation of Petitioner's future vaccine-injury related claims).  Although the undersigned finds this rate to be reasonable for the expert services provided, the rate is also requested for time spent on administrative tasks.  Pet'r Ex. C at 113, 116, ECF No. 89-3.  In particular, a $200 hourly rate was charged for 1 hour "Research[ing] flights to Mobile"; 0.6 hours "research[ing] and purchasing tickets"; 1 hour "coordinating travel"; and 0.8 hours making "flight and car arrangements."  Pet'r Ex. C at 113, 116, ECF No. 89-3.  These tasks total 3.4 hours of administrative work billed at an expert rate.

In the past, when attorneys have performed administrative tasks that are routinely done by paralegals, such attorneys were awarded a reasonable paralegal hourly rate, rather than the attorneys' normal hourly rate.  *DiFazio v. Sec'y of Health & Human Servs.*, No. 09-530V, 2017 WL 2417322, at *4 (Fed. Cl. Spec. Mstr. May 10, 2017) (citing *Scharfenberger v. Sec'y of Health & Human Servs.*, No. 11-221V, 2015 WL 3526559, at *12 (Fed. Cl. Spec. Mstr. May 15, 2015)).  Similar to an attorney, an expert's particular knowledge and training does not assist in the completion of administrative tasks such as arranging travel.  The undersigned will reduce the expert's compensation for administrative tasks to a reasonable paralegal rate of $145 per hour.  This reduction in rate for 3.4 hours totals $187.

The undersigned finds that the remainder of the costs are reasonable.

## II.  Conclusion

Based on all of the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $48,235.00 |
| (Reduction to Ms. O'Dell's Travel Rate in 2013) | - $2,268.75 |
| **Total Attorneys' Fees Awarded** | **$45,966.25** |
| | |
| Attorney's Costs Requested | $87,847.86 |
| (Reduction to Expert's Hourly Rate for Administrative Tasks) | -   $187.00 |
| **Attorneys' Costs Awarded** | **$ 87,660.86** |

4

**Total Attorneys' Fees and Costs Awarded**                    **$133,627.11**

The undersigned has reviewed Petitioner's counsel's detailed records of time and expenses incurred in this case, and they are reasonable with the above reductions.  In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorneys' fees and costs.  **Accordingly, the undersigned hereby awards the following amount: $133,627.11, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Patricia Leigh O'Dell, of Beasley, Allen, et al.**[4]  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).